UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME JAMAL DUCKWYLER,

        Petitioner,               Case No. 2:23-CV-12829
                                  HON. GEORGE CARAM STEEH
        v.                       UNITED STATES DISTRICT JUDGE

BARBRA STOREY,

        Respondent.
_____/

## OPINION AND ORDER (1) GRANTING THE MOTION TO  AMEND THE HABEAS PETITION (ECF No. 11), (2) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jerome Jamal Duckwyler, ("petitioner"), confined at the Kinross

Correctional Facility in Kincheloe, Michigan, seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree

and felony-firearm.

Petitioner has now filed a request to supplement his request for

federal habeas review, which is construed as a motion to amend the

habeas petition.  The Court GRANTS the motion to amend the petition. The

claim raised in the amended petition, however, has yet to be exhausted

with the state courts. For the reasons that follow, the amended petition for a

writ of habeas corpus is SUMMARILY DISMISSED WITHOUT

PREJUDICE.

## I.  FACTUAL BACKGROUND

Petitioner pleaded guilty to second-degree murder and felony-firearm

in the Wayne County Circuit Court. In exchange for his plea, the original

first-degree murder charge was dismissed. Plaintiff was sentenced to 33-60

years on the second-degree murder count and received a 2 year sentence

on the felony-firearm conviction. Petitioner's conviction was affirmed on

appeal. *People v. Duckwyler*, No. 358566, 2022 WL 4587628 (Mich. Ct.

App. Sept. 29, 2022), *lv. den.* 984 N.W.2d 197 (Mich. 2023).

On October 26, 2023, petitioner filed a petition for writ of habeas

corpus with this Court, seeking habeas relief on the claims that he raised

on his direct appeal.[1]  These claims are: (1) the trial court erred in denying

petitioner's motion to withdraw his guilty plea where there were questions

about his mental competency to plead guilty, (2) counsel was ineffective for

pleading petitioner guilty rather than guilty but mentally ill, and (3)

petitioner's guilty plea was not knowingly or intelligently made where the

judge failed to obtain an adequate factual basis from petitioner.

---

[1]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on October 26, 2023, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

Petitioner seeks to supplement his petition by adding a claim that trial counsel was ineffective for failing to conduct a pre-trial investigation into petitioner's mental state at the time of the offense or to request a psychiatric evaluation as to whether petitioner was legally insane at the time of the murder, either to support a defense to the crime or as a mitigating factor at sentencing. (ECF No. 11).

## II.  DISCUSSION

Petitioner seeks to amend his petition to add a claim that trial counsel was ineffective for failing to investigate or present an insanity defense. Petitioner's proposed amended habeas petition should be granted because it advances a new claim that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

The instant petition is now subject to dismissal because petitioner's new claim has not yet been exhausted with the state courts.

A state prisoner who seeks federal habeas relief is first required to exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  Federal district courts must dismiss mixed habeas petitions which include both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510,

522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner's new ineffective assistance of counsel claim involving his attorney's failure to investigate or pursue an insanity defense was not presented to the Michigan courts as part of his direct appeal. Although petitioner did raise a claim that trial counsel was ineffective for pleading petitioner guilty rather than guilty but mentally ill, this would be insufficient to exhaust his new claim alleging that trial counsel was ineffective for failing to pursue an insanity defense.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his or her claim in the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000).  The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998).  "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). Petitioner did not raise a claim on his direct appeal alleging counsel's ineffectiveness in failing to investigate or to pursue an insanity defense at trial or to raise petitioner's mental state as a mitigating factor at sentencing.

Because petitioner's new ineffective assistance of counsel claim is different than the ineffective assistance of counsel claim presented on his direct appeal, this new claim was not fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 F. App'x. 458, 459 (6th Cir. 2007).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment with the Wayne County Circuit under Michigan Court Rule 6.500, *et. seq. See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714,

717 (E.D. Mich. 1997).  Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his or her unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus is not necessary, because there are no exceptional or unusual circumstances present that justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his new claim, rather than dismissing it without prejudice.  In the present case, the Michigan Supreme Court denied petitioner's application for leave to appeal on January 31, 2023.  However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day.  Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. §

2244(d)(1) begins to run not on the date that the state court entered

judgment against the prisoner, but on the date that the 90 day time period

for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v.*

*Quarterman*, 555 U.S. 113, 119 (2009).  Petitioner's judgment therefore

became final on May 1, 2023, when he failed to file a petition for writ of

certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d

834, 835 (E.D. Mich. 1998).

　　　Petitioner filed the instant petition with this Court on October 26,

2023, 2023, after only a little less than six months had run on the statute of

limitations. This Court is dismissing the petition without delay so that

petitioner can return to the state courts to exhaust his new claim.  28

U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute

of limitations is tolled during the pendency of any state post-conviction

motion filed by petitioner.  Because petitioner has almost six months

remaining under the limitations period, and the unexpired portion of that

period would be tolled during the pendency of petitioner's state post-

conviction proceedings, petitioner would not be prejudiced if his habeas

petition was dismissed without prejudice during the pendency of his motion

for post-conviction relief.  Thus, a stay of the proceedings is not necessary

or appropriate to preserve the federal forum for petitioner's claims. *See*

*Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

In addition, there is an equitable remedy available to petitioner in lieu

of staying the petition.  In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th

Cir. 2002), the petitioner sought habeas relief on the grounds of

constitutionally insufficient evidence. *Id.* at 718.  Since the *pro se* petitioner

had never filed an appeal, the district court dismissed the petition without

prejudice, in order for the petitioner to exhaust his state remedies. *Id*.  The

district court, acting prospectively, ordered the tolling of the AEDPA

limitations period, effective the date the petition was filed, conditioned on

the petitioner's pursuing his state remedies within 30 days of the dismissal

and returning to federal court within 30 days after exhaustion. *Id.*  The

warden challenged this order, but the Sixth Circuit Court of Appeals found

that "the decision to equitably toll the petition was reasonable under the

circumstances of this case and under the conditions set forth by the district

court." *Id.* at 719.

In this case, petitioner promptly filed his petition for writ of habeas

corpus with this Court.  Nor can this Court conclude that petitioner's claims

are plainly meritless.   This Court shall adopt the equitable tolling timing

solution, as well as the safeguards, approved by the Sixth Circuit in

*Hargrove.* The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from October 26, 2023, the date petitioner filed his petition, until petitioner returns to federal court. This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below in Section IV of the opinion.

### III.  CONCLUSION

The petition for writ of habeas corpus is dismissed without prejudice. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because jurists of reason would not debate this Court's conclusion that the petition is subject to dismissal because petitioner failed to exhaust his state-court remedies with respect to his new claim. *See Jones v. Carl,* 605 F. Supp. 3d 1012, 1020 (E.D. Mich. 2022). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The motion to amend the petition is **GRANTED.**

(2) The petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

(3) **IT IS FURTHER ORDERED** that the one-year statute of
limitations found in 28 U.S.C. § 2244(d)(1) is tolled from
October 26, 2023, the date that petitioner filed his habeas
application, until the time petitioner returns to federal court
to pursue habeas corpus relief, provided that petitioner files
a new habeas petition in the federal court within **thirty (30)
days** of the completion of his state post-conviction
proceedings.

(4) Petitioner is **DENIED** a Certificate of Appealability or
Leave to Appeal *In Forma Pauperis.*

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  June 4, 2024

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on June 4, 2024, by electronic and/or ordinary mail and
also on Jerome Jamal Duckwyler #644141, Kinross
Correctional Facility, 4533 W. Industrial Park Drive,
Kincheloe, MI 49786.

s/LaShawn Saulsberry
Deputy Clerk